**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                            **CASE NO: 6:17-cr-262-PGB-DCI**

**AMANDA SHARPE**
_____/

## ORDER

This cause is before the Court on Ms. Sharpe's Motion for Early Termination of Supervised Release. (Doc. 72). The Court does not require a response from the Government, and upon due consideration, the Motion is denied.

### I.    BACKGROUND

Ms. Sharpe was charged in a five-count indictment with a scheme to defraud in which she unlawfully obtained personal identification information from about 532 victims and used the information to illegally obtain approximately 484 credit cards. (Doc. 9). Ms. Sharpe pled guilty to Counts One and Two of the indictment and admitted that her fraudulent conduct caused financial institutions to suffer $143,089.02 in loss and that she defrauded the Department of Children and Families out of $69,418.00. (Doc. 32). Ms. Sharpe was sentenced to be imprisoned for 60 months followed by a three year term of supervised release. (Doc. 52).

Supervision commenced on October 21, 2021 and is set to expire on October 20, 2024. (Doc. 71). Between July 7, 2022 and November 30, 2022, Ms. Sharpe obtained new credit with five (5) entities without securing the permission of the

Probation Officer and, thus, in violation of her supervised release. (*Id.*). On April 19, 2023, Senior U.S. Probation Officer Francis discussed these violations with Ms. Sharpe, which Ms. Sharpe admitted, and issued a reprimand. (*Id.*). Less than a week later, Ms. Sharpe moved to terminate the remaining 18 months of supervision. (Doc. 72). Ms. Sharpe predicates her Motion on the fact that "petitioner has maintained extraordinary behavior since being placed on supervised release," which ignores the history of noncompliance reported to the Court by U.S. Probation. (*Id.*). Ms. Sharpe's lack of candor is remarkable.

## II.   DISCUSSION

While the new credit/loan accounts appear to be in good standing, Ms. Sharpe violated the conditions of her supervised release. It is not lost on the Court that Ms. Sharpe's underlying criminal conduct consisted of financial fraud, and the recent violation of supervised release involves securing credit without first obtaining permission. Having considered the factors in 18 U.S.C. § 3553, the Court finds early termination of supervised release is not warranted.

## III.   CONCLUSION

For these reasons, the Defendant's Motion for Early Termination of Supervised Release (Doc. 72) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 26, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties